*162 Opinion of the Court by
Chief Justice Bibb.
In August, 1821, the executors of James Keel, exhibited their bill to have an account and payment Neal of moneys for inspectors’ fees. The bill charges that Neal and James Keel were inspectors, that they inspected at the Double Spring Warehouse, in Warren County, a great number of Hogsheads of Tobacco, upon which the inspectors fees amounted to upwards of $400; whereof 180, or upwards, belonged to the said James Keel; that said Neal and Keel were the two inspectors regularly attending, that Neal kept the books and accounts and had the sole management thereof; that the books in the possession of Neal will shew a regular account of all charges for the inspectors fees and services, and what was due the decedant, and what was due the third inspector; that said decedant never received any part of the fees due him, but that Neal has refused to give the executors any account, and has collected and is going on to receive the fees for the services so rendered. The bill prays for the production of the books, and an account of all the fees collected and uncollected, and for relief, &c.
The defendant Neal was served with the process of subpoena on the 15th of October, 1821, and having failed to answer, a decree was rendered at May term, 1823, upon bill pro confesso, for $180, with interest from the 8th September, 1821, till paid.
It is objected that the court had not equitable jurisdiction, because there was a plain and adequate *163 remedy at law. It is true that the common law gave in certain cases an action of account, in which the judgment was, quad computet, and thereupon an account was to be made between the parties. But this antiquated action at common law has been supplanted by the more beneficial powers of a court of equity, whereby not only the production of books, and an account can be compelled, but also an answer on oath can be required, and a decree had for the sum due from the defendant.
In a bill by one inspector against the other for an account of fees the “additional inspector” is not a necessary party.
Where the bill in such case charges the amount due the complainant was at least a certain sum stated, if defendant fail to answer, complainant may have a decree for that amount.
The statements in the bill shew a case properly within the jurisdiction of a court of equity.
We do not think the third inspector was a necessary party. The bill charges that the books in the possession of Neal, and kept by him, would shew the services rendered by the complainant, and his fees, and distinguish also, the services and fees of the third, or as the law calls him, the Additional inspector, whose services were required in special cases; moreover that Neal had collected and was proceeding to collect the fees. The propriety or necessity of calling the additional inspector before the court is not perceived.
Considering the manner in which these fees for inspected tobacco are established and secured to the inspectors, as a charge upou the tobacco, to be paid before the inspector delivers the Hogsheads out of the Warehouse, and that tobacco remaining in the Warehouse more than a year may be sold by the inspectors, we do not think there is any substantial objection to the decree, because the bill does not allege that the whole of the money due for the services had been collected by the defendant Neal at the filing of the bill. Had he answered and rendered the account of fees, as well collected as uncollected, the court would have decreed accordingly. His standing out placed the complainant under the necessity of attacking him for answer, to compel a full account, or to ask a decree for the sum directly charged as due for services, and waive the account for the surplus. We think the court below properly decreed $180.
No interest for either past or future time can be calculated or allowed in a decree on a bill for an account or demand before unliquidated.
But as to so much of the decree as carries interest, not only before, but after till paid, it is erroneous. According to the rules settled by many adjudications in this country, no interest should have been decreed upon such an unliquidated account, nor interest running beyond the decree.
So much of the decree as gives the complainants the sum of $180, is affirmed; so much as gives any interest is reversed, and according to the powers given to this court over costs, in cases of affirmance in part, and reversal in part, each party must pay his own costs in this court.