Emil PETER, III, Appellant,

v.

Hon. Susan Schultz GIBSON,
Judge, Jefferson Circuit
Court, Appellees.

and

Emil Peter IV, Real Party in Interest.

No. 2010–SC–000155–MR.

Supreme Court of Kentucky.

Dec. 16, 2010.

Harry Bernard O'Donnell IV, Louisville, KY, Counsel for Appellant.

Honorable Susan Schultz Gibson, Judge, Jefferson Circuit Court, Louisville, KY, for Appellee.

Matthew Faurest Coogle, Ackerson & Yann, PLLC, Louisville, KY, Counsel for Appellee and Real Party in Interest, Emil Peter IV.

Opinion of the Court by Justice
VENTERS.

Appellant, Emil Peter III, seeks a writ of prohibition against the Jefferson Circuit Court to bar an accounting of funds held by him for the benefit of Appellee and Real Party in Interest, Emil Peter IV. Appellant argues that since the funds in question were part of a bequest made pursuant to the Uniform Transfers to Minors Act (hereinafter "UTMA"), the Jefferson Circuit Court does not have subject matter jurisdiction over this matter. The Court of Appeals denied the writ of prohibition finding that the General Assembly's grant of original jurisdiction to the district court over matters involving the UTMA did not extend to parties, like Appellee, who are no longer minors. For the reasons set forth below, we affirm the Court of Appeals.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1983, Appellee's grandmother, Decedent, Allyne M. Peter, bequeathed to Appellee all of the benefits due her estate from her employee pension plan. Since Appellee at the time was a minor, pursuant to the UTMA, Appellant, who was the Decedent's son and Appellee's father, was named custodian of the custodial property. The initial amount of the bequest totaled $86,409.46.

According to an affidavit filed by Appellee in the underlying case, he only had a general understanding that his grandmother had left him some money. Appellant provided Appellee with very little information regarding the bequest, but did give Appellee several distributions from the custodial property which were described to Appellee as "gifts." When Appellee turned eighteen, Appellant failed to give the remaining custodial property to Appellee as was required by KRS 385.202(1). Appellee eventually learned of the size of the initial bequest through a review of public records. Surprised by the size of the bequest in comparison to the small distributions he received, Appellee brought an accounting action against Appellant in Jefferson Circuit Court.

The circuit court initially dismissed the accounting action for lack of subject-matter jurisdiction, due to the UTMA's exclusive grant of jurisdiction to district court. However, upon Appellee's motion to amend, alter, or vacate its dismissal order, the circuit court changed its position and held that since Appellee was no longer a minor, the circuit court had subject matter jurisdiction. Appellant then sought a writ of prohibition against the Jefferson Circuit Court which was denied by the Court of Appeals. He now appeals that denial to this Court as a matter of right.

*APPELLANT IS NOT ENTITLED TO A WRIT OF PROHIBITION BECAUSE THE GENERAL ASSEMBLY DID NOT GIVE JURISDICTION TO THE DISTRICT COURT OVER AN ACCOUNTING ACTION FILED BY AN ADULT*

Appellant argues that he is entitled to a writ of prohibition because the district court has exclusive jurisdiction over any case dealing with the UTMA, and thus the Jefferson Circuit Court is acting outside of its jurisdiction by hearing Appellee's accounting action. We disagree.

A writ of prohibition "is an 'extraordinary remedy' that Kentucky courts 'have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" *Newell Enterprises, Inc. v. Bowling*, 158 S.W.3d 750, 754 (Ky.2005) (quoting *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky.1961)).

A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by

appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

Kentucky Constitution § 113(6) expressly provides that "[t]he district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly." "Accordingly, in order to resolve the issue at bar, we must look to the appropriate statutes" to see what jurisdiction was granted to the district courts. *McElroy v. Taylor*, 977 S.W.2d 929, 931 (Ky.1998).

Clearly, the General Assembly gave district courts original jurisdiction for UTMA disputes. *See* KRS 385.012(5) ("'Court' means District Court.") In *Privett v. Clendenin*, 52 S.W.3d 530, 532 (Ky. 2001), we recognized that the General Assembly gave district courts exclusive jurisdiction to order a custodian to make an accounting under the UTMA through KRS 385.192. However, KRS 385.192 allows only the following persons "to petition the district court for an accounting" under the UTMA:

- *a minor* who has attained the age of 14 years;
- *the minor's* guardian of the person or legal representative;
- an adult member of *the minor's* family;
- a transferor (of the custodial property) or a transferor's legal representative.

KRS 385.012(11) defines a "minor" as "an individual who has not attained the age of eighteen (18) years." Thus, from its plain language, KRS 385.192 applies only to *minors* or one petitioning for an accounting of custodial property on behalf of a *minor*. An accounting action under KRS 385.192 cannot therefore apply to custodial property which was (or should have been) re-

leased to an adult beneficiary per KRS 385.202(1), because the beneficiary would no longer be a minor. Our ruling in *Privett* does not contradict this conclusion, because in that case the beneficial owners of the custodial property were still minors, the claimant on their behalf was an adult member of their family, and the UTMA custodianship was ongoing. *Privett*, 52 S.W.3d at 532. Thus, in *Privett* the accounting action fell within the purview of KRS 385.192.

In this matter, Appellee was over twenty-nine years old when he brought this accounting action. Appellee was clearly no longer a minor, and he was entitled to have the custodial property turned over to him once he turned eighteen-years-old. KRS 385.202(1). A beneficial owner of custodial property who once was, but no longer is, "a minor" would have no more right to seek an accounting under KRS 385.192 than a person who once was, but no longer is, a legal representative or guardian of a minor. The UTMA gives no authority to the district court to order an accounting based upon a petitioner's past status. The proper court for an adult, such as Appellee, to file an accounting action like the one in this matter, is the circuit court.

 In seeking the accounting here, Appellee did not invoke the provisions of KRS 385.192. Instead, he brought a conventional suit in the circuit court for an equitable accounting of the sort that has long been available in the courts of equity in this Commonwealth. *See Neal v. Keel's Ex'rs*, 20 Ky. 162, 4 T.B.Mon. 162 (1826):

> It is true that the common law gave in certain cases an action of account.... But this antiquated action at common law has been supplanted by the more beneficial powers of a court of equity, whereby not only the production of books, and an account can be compelled, but also an answer under oath can be required, and a decree had.

*See also* 1A C.J.S. *Accounting* § 6 (2010):

> The right to an equitable accounting arises generally from the defendant's possession of money or property, which, because of some particular relationship with the plaintiff, the defendant is obliged to surrender. Accounting has also been termed a species of disclosure, predicated upon the plaintiffs legal inability to determine how much money, if any, is due. Therefore, an equitable accounting may be ordered where the plaintiff is unable to determine how much, if any, money is due from the defendant.

(internal citations omitted.)

The Court of Appeals opinion correctly observed that "[a]s a general rule, an accounting is an equitable remedy. *Conley v. Hall*, 395 S.W.2d 575, 578 (Ky.1965). Since circuit courts have general subject-matter jurisdiction over suits in equity, *see* Ky. Const. §§ 109 & 112(5); KRS 23A.010; *Hisle v. Lexington–Fayette Urban County Government*, 258 S.W.3d 422, 432 (Ky.App. 2008), a request for an accounting was properly brought in circuit court."

 We also note that since Appellant failed to relinquish the custodial property to Appellee as required by KRS 385.202, a constructive trust was created. "[A] court exercising its equitable power may impress a constructive trust upon one who obtains legal title, 'not only by fraud or by violation of confidence or of fiduciary relationship, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another [.]'" *Keeney v. Keeney*, 223 S.W.3d 843, 849 (Ky.App.2007) (quoting *Scott v. Scott*, 183 Ky. 604, 210 S.W. 175, 176 (1919)). At the minor's eighteenth birthday (or his death), the rights and remedies of the interested parties, as well as the

subject matter jurisdiction of the respective courts, are governed by the law of constructive trusts, not KRS Chapter 385 (the UTMA). The remedy available is precisely the one invoked by Appellee—an equitable action in circuit court for an accounting.

Appellant argues that the language of KRS 385.192(3) gives the district court the jurisdiction to entertain an adult beneficiary's action to compel an accounting by the custodian after the expiration of the custodianship. However, as previously stated, the language of KRS 385.192 limits the accounting action to the time in which the beneficiaries are minors, and provides no clear action for beneficiaries after they become adults. Additionally, the General Assembly's failure to explicitly provide a remedy for the failure to transfer custodial property under KRS 385.202 once the beneficiary becomes an adult, coupled with the limitation of KRS 385.192 to minors, is a clear indication that it intended to leave the conventional, common law remedies intact.

Most Chapter 385 custodianships are created, serve out their purpose, and expire with absolutely no court involvement. The role of the district court is extremely limited. A custodianship under KRS Chapter 385 fundamentally differs from fiduciary relationships subject to the district court's jurisdiction, such as the executor or administrator of a decedent's estate, the guardian or conservator of a minor's estate, the guardian for a disabled adult, or the curator for a convict. For example, unlike the court's statutory oversight of those fiduciaries:

- a custodianship under KRS Chapter 385 is created and the custodian is appointed by a private contractual arrangement with no formal or informal court process, and no involvement of the court;

- the court administers no oath to a custodian named under KRS Chapter 385;

- except in the extremely limited circumstances set out in KRS 385.182, the appointment of a successor custodian is done with no court approval and requires no court involvement;

- the court has no authority to require bond of the custodian except upon the petition of a specifically designated interested party. KRS 385.182(6);

- the custodian files no inventory, periodic settlement, or final settlement with the court;

- a custodian under KRS Chapter 385 may resign at any time without filing a settlement or obtaining court approval;

- the custodianship terminates by operation of KRS 385.202, without formal court proceedings, ceremony, court order or court approval.

The fact that the district court has virtually no responsibility or authority with respect to an existing custodianship further supports our conclusion that the General Assembly did not intend to extend the district court's subject matter jurisdiction to include an accounting of an expired custodianship, especially when doing so supplants the conventional jurisdiction of the courts of equity over such matters that has existed since before the birth of the Commonwealth.

Thus, for the foregoing reasons, the Court of Appeals opinion denying Appellant's writ of prohibition is affirmed.

MINTON, C.J., ABRAMSON, CUNNINGHAM, and SCOTT, JJ., concur. NOBLE, J., dissents by separate opinion, in which SCHRODER, J., joins.

NOBLE, J., Dissenting:

Because the district court has exclusive jurisdiction over the Uniform Transfer to Minors Act, I would reverse the Court of Appeals and remand for entry of the writ.

Though a writ of prohibition is an extraordinary remedy, which this Court hesitates to grant, the remedy is available against a court that is clearly acting beyond its jurisdiction. *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004). Thus, to determine whether to grant this writ, this Court must evaluate whether the Jefferson Circuit Court had jurisdiction over Appellee's accounting action.

Kentucky has codified the UTMA in KRS Chapter 385 and has vested exclusive jurisdiction under the act in the Commonwealth's district courts. *See* KRS 385.012(5) ("Court," under the act, "means District Court"); *Privett v. Clendenin,* 52 S.W.3d 530, 532 (Ky.2001) ("[D]istrict courts have exclusive subject-matter jurisdiction over claims brought under the UTMA."). The UTMA provides a structure for a bequest, such as the instant one, to be given to a minor but with a custodian who is appointed to take control of and deal with the property until the minor reaches the age of majority. *See* KRS 385.022–.202.

The bequest to Appellee was explicitly given under the UTMA and Appellant was named as the custodian. It is, therefore, unquestionable that the UTMA's provisions applied to the bequest when it was given and as long as Appellee remained a minor. *See* KRS 385.212. The only issue is whether the UTMA covers this matter now that Appellee has become an adult.

In its opinion, the Court of Appeals focused on interpreting KRS 385.192(1). That section provides for accounting actions against the custodian of a bequest, by "[a] minor who has attained the age of

fourteen (14) years." KRS 385.192(1). The Court of Appeals questioned whom "a minor" refers to in this provision. Is it anyone who was "a minor" when he or she received the gift, or is it only one who is still "a minor" at the time he or she seeks accounting?

I believe, however, that KRS 385.202 controls. That statute provides that "[t]he custodian shall transfer in an appropriate manner the custodial property to the minor or to the minor's estate upon ... [t]he minor's attainment of age eighteen ... or ... [t]he minor's death." KRS 385.202. This is the section of the UTMA that Appellant has violated. He was required by this provision to transfer the custodial property at the time Appellee attained eighteen years of age. Thus, the only question is whether KRS 385.202 provides a remedy to a now adult beneficiary where the custodian has failed to fulfill his obligation.

That section does not itself explicitly provide for relief by litigation or otherwise. Nonetheless, upon reading the Act as a whole, we conclude that the right provided in KRS 385.202 carries with it a statutory remedy. A proceeding to vindicate the right in KRS 385.202, by way of an accounting, is recognized by KRS 385.192(3), which states, "The court, in a proceeding under KRS 385.032 to 385.222 or in any other proceeding, may require or permit the custodian or the custodian's legal representative to account." In describing "a proceeding under KRS 385.032 to 385.222," the statute clearly contemplates an action brought to assert any right created or recognized by any of the covered sections. The statute also clearly allows for an accounting. KRS 385.202 is, of course, within the set of sections covered by KRS 385.193(3).

Appellee can, therefore, bring an action under KRS 385.202 and KRS 185.192(3) to

seek an accounting from the custodian. Although Appellant no longer has any entitlement with regard to the custodial property, he is still a "custodian" under the UTMA's broad definition. "'Custodian' means a person so designated" in a transfer under the UTMA. KRS 385.012(7). Both parties agree that Appellant was so designated.

To enforce his right to the custodial property, Appellee may sue under KRS 385.202 and KRS 385.192(3) for an accounting from Appellant over his handling of the property. Because Appellee's cause of action arises under the UTMA, it is under the exclusive jurisdiction of district court. *See Privett*, 52 S.W.3d at 532. As a result, Jefferson Circuit Court lacks subject-matter jurisdiction over such a cause of action.

I thus agree with Appellant with regard to the jurisdiction of the Jefferson Circuit Court. However, for the exact reasons just announced, Appellant's paradoxical theory that jurisdiction is *also lacking* in Jefferson District Court, because Appellee is no longer a minor, is resoundingly rejected. Even though Appellee is an adult, the Act provides a remedy to vindicate his right under KRS 385.202.

SCHRODER, J., joins this dissenting opinion.