82.888-01

January 31, 2015

Court of Criminal Appeals

Abel Acosta, Clerk

P.O. Box 12308, Capitol Station

Austin, Texas 78711

RE: State of Texas V. Tony Kareem Whitfield

No. 1277164-A

Dear Clerk,

Enclosed you will find Applicant's Traverse To The States Answer. Please file-stamp said instrument and bring it to the attention of the court in your usual fashion. Thank you for your time and cooperation.

Respectfully Submitted:

Tony Kareem Whitfield

Tony Kareem Whitfield No. 1744769

Coffield Unit

2661 FM 2054

Tennessee Colony, Texas 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 12 2015

Abel Acosta, Clerk

Cause No. 1277164-A

| | | |
|---|---|---|
| Ex Parte | § | In The 232nd District Court |
| | § | |
| Tony Kareem Whitfield | § | of |
| | § | |
| Applicant | § | Harris County, Texas |

**Applicant's Traverse To The State's Findings of Facts And Conclusion of Law**

To The Honorable Court of Criminal Appeals:

Now comes, Tony Kareem Whitfield, Applicant, Pro se, and files this; "Applicant's Traverse To The States Findings of Facts And Conclusion of Law" requesting that the Court of Criminal Appeals grant this foregoing State post conviction writ of habeas corpus. And, in support thereof will this Court the following:

I

On **June 18,2014,** Applicant filed this foregoing writ of habeas corpus alleging eleven constitutional issues for review by the Court of Criminal Appeals.

II

**In ground number one,** Applicant contends that **he was denied due process and due course ofd law** when the State failed to prove that Jun Park owned the property as required by Article 21.08, Texas Code of Criminal Procedure, and Section 29.03, Texas Penal Code. (See Applicant's Writ at p. 3 ).

**In ground number two,** Applicant contends that **his judgment and Sentenee is illegal** because the State presented **"no evidence"** to prove that Jun Park owned the Property as alleged in the indictment and required by Section 29.03, Texas Penal Code. (See Applicant's Writ at p. 7 ).

**In ground number three,** Applicant contends that his **trial counsel provided ineffective assistance of counsel** when he failed to know the law and failed to request a directed verdict asking for an acquittal based on the fact that the State failed to prove that Jun Park owned the property, as alleged in the indictment. (Se Applicant's Writ at p. 9 ).

**In ground number four,** Applicant contends that his **appeal counsel provided ineffective assistance of counsel** on direct appeal when she failed to present a claim that the evidence is legally insufficient to support the conviction because there was a fatal variance between Jun Park being the owner of

1 of

the property alleged in the indictment, and the evidence at trial that Jim Mo Kim was the property owner. (See Applicant's Writ at p.13).

**In grou nd number five,** Applicant contends that his **trial counsel was ineffect ive** for failing to prepare for trial, also did not know the law and facts to applicant's cases. (See Applicant' s Writ p.17 ).

**In ground number six,** Applicant contends that his **trial counsel was ineffective** in failing to conduct a reasonable pretrial investigation in which he did not interview the state's two main witness, Jun Park and Sang- Hyun Lee, who witnessed the alleged aggravated robbery. (See Applicant's Writ at p.20 ).

**In ground number seven,** Applicant contends that he was **denied due process of law** by the circumstances that his conviction was appraised and affirmed and under an attempted robbery theory of a criminal statute for a violation which applicant had bot been charged for in his indictment. (See Applicant's Writ at p.23 ).

**In ground number eight,** Applicant contends that his due process was violated when his right to confront and cross-examine State witness who's name appears in his indictment, but was not at trial to testify. (See Applicant's Writ at p.27 ).

**In ground number nine,** Applicant contends that his constitutional right to effective assistance of counsel were violated when the trial judge forced him to proceed to trial with an attorney he was embroiled in conflict with, but without making a reasonable nor lawful decision not to appoint a new counsel, (See Applicant's Writ at p.29 ).

**In ground number ten,** Applicant contends that **trial counsel was ineffective** for failing to object to improper statements made by the prosecutor regarding applicant's right to a jury trial. (See Applicant's Writ at p.31 ).

**In ground number eleven,** Applicant contends that **trial counsel was ineffedetiveb= ineffective** for failing to request that the trial court make a preliminary deter- mination on the relevancy of the unadjudicated extraneous aggravated robbery the State offered during the punishment phase prior to the presentation of the evidence before the jury. (See Applicant's Writ at p.33 ).

III

## State's Findings of Fact And Conclusion of Law

**In addressing ground number one and two** the habeas court erred in finding that -- "the applicant's first and second grounds for relief are challenges

to the sufficiency of the evidence." (See Findings of Fact at p. 1). The habeas court further erred in denying grounds one and two concluding that - "The applicant's challenge to the sufficiency of the evidence is not cognizable in post - conviction habeas proceedings" -- when in fact, applicant' did not raise a insufficient evidence claim. (See Conclusion of Law p. 4).

## Ground Number One

Applicant now argues that the trial court's finding that grounds one should be treated as insufficient evidence challenge must be overruled, because a careful review of applicant's "Application For A Writ of Habeas Corpus", (at Id pp. 6), and applicant's "Memorandum of Law to Support Applicant's Application for Writ Of Habeas Corpus" (Id at pp. 3), shows that applicant raised a claim that: "he was denied due process and due course of the law when the state failed to prove that Jun Park owned the property as required by Article 21.08, Tex. Code Crim. Proc., and section 29.03, Texas Penal Code," (See: Applicant's Application, at pp. 6) and (Memorandum of Law, at pp. 3). In a nut shell, Applicant's claim number one is a constitutional violation of due process and due course of law, not a claim of insufficient evidence. The Supreme Court of the United States has long held that due process and due course of law requires that the state provide proof of every essential element of the crime charged, and a conviction based upon a charge not tried constitutes a denial of due process; Jackson v. Virginia, 443 U.S. 307, at 316, 99 S.Ct. 2781(1990); Byrd V. State, 336 S.W.3d 242,246 (Tex. Crim. App. 2011); Freeman V. State, 707 S.W.2d 597,602 (Tex. Crim. App. 1986); Araiza V. State, 555 A.W. 2d 747,748 (Tex. Crim. App. 1986). Furthermore, a due process and a due course of law claim is cognizable in post - conviction habeas proceedings. Ex Parte Fontenot, 550 S.W.2d 87,89 (tex. Crim. App. 1977); Araiza V. State, 555 S.W.2d at 748 (tex. Crim. App. 1986); Byrd V. State, 336 S.W.3d 242,246 (Tex. Crim. App. 2011) (holding that a claim of a denial of due process may be raised at any time).

Here, in applicant's case now before the Texas Court of Criminal Appeals, the indictment alleged that Jun Park was the actual owner of the property, but the evidence presented at trial proved that Jim Mo Kim was the actual owner of the property, (R.R. Vol #3, pp. 29, line 1-4). Consequently the State failed to prove the essential element that Jun Park owned the property

as alleged in the indictment. Byrd, 336 S.W.3d at 246.

In conclusion, the Finding of Facts and Conclusion of Law recommended by the trial court must be overruled and applicant's judgment and sentence set aside and remanded back to the trial court with instructions to acquit applicant of all charges.

**Ground Number Two:**

Applicant also argues that the trial court's finding that ground number two should be treated as insufficient evidence challenge must also be overruled, because a careful review of applicant's "Memorandum of Law"(Id. at pp. 7), shows that applicant raised a claim that: "his judgment and sentence is illegal because the state presented no evidence to prove that Jun Park owned the property as alleged in the indictment and required by Section 29.03, Texas Penal Code. (See: Application of Writ of Habeas Corpus at pp. 8) and (Memorandum of Law at pp.7). In a nut shell, Applicant's claim number two is a claim of No Evidence, not a claim of insufficient evidence.

The law is clear, a claim for "no evidence" is cognizable on a writ of habeas corpus because where there has been "no evidence" presented at trial to support the essential elements of the offense a violation of due process has occurred and the conviction may be attacked collaterally in a habeas corpus proceeding. Ex Parte Perales, 215 S.W.3d 418,419 (tex. crim. App. 2007); Ex Parte Coleman, 599 S.W.2d 305,307 (Tex. crim. App. 1978); Cruz V. Sgate, 629 S.W.2d 852,857 (Tex. Crim. App. 1982); Gonzalez V. State, 588 S.W. 2d 574 (Tex. Crim. App. 1979)(holding that where there is "no evidence" to support a key element of the offense, the error is fundamantal).

Here in applicant's case now before the Court of Criminal Appeals, the State was required to prove that applicant attempted to obtain and maintain control of property owned by Jun Park without his consent, as required by Section 29.03, Texas Penal Code. But State's witness, Sang Hyun Lee testified that the property was owned by Jim Mo Kim rather than Jun Park. This testimony created a fatal variance between the allegation alleged in the indictment and the evidence presented at trial. Consequently, the trial court's finding must be overruled and applicant's convection and sentence set aside and remanded back to the trial court with instructions of acquittal.

**Ground Number Three:**

4 of

**In addressing ground number three** the habeas court erred in finding that--
"The court finds that trial counsel was not ineffective for failing to
request a directed verdict". (See State's Proposed Findings of Aact, Conclusion
of Law And Order, p. 2, paragraph number 8).

Applicant specifically argues that the trial court's "Findings of Fact
And Conclusion of Law" must be overruled because the court's determination
of questions of law and fact has resulted in a decision that is based on
an unreasonable determination of the facts in light of the evidence presented
in the State court proceeding.

In ground number three applicant argued that his trial counsel provided
ineffective assistance of counsel when he failed to know the law and failed
to request a directed verdict asking for an acquittal based on the fact
that the State failed to prove that Jun Park owned the property as alleged
in the indictment. (Applicant's Writ at pp. 10).

To address this issue trial counsel filed an affidavit stating that
he did not believe that a motion for a directed verdict was warranted.
(See State's Exhibit A, Amended affidavit of Kyle Johnson at pp. 3). And
without applying the law regarding the essential elements of the offense
of aggravated robbery, to the facts of the case, the trial court unreasonably
determined that trial counsel was not ineffective for failing to request
a directed verdict. (See Findings of Facts, pp. 2, paragraph 8). But, the
trial court's findings are contradicted by clearly established State and
Federal law as determined by the Court of Criminal Appeals and the Supreme
Court of the United States. Strickland V. Washington, 466 U.S. 668, 104
S.Ct. 2052 (1984); Ex Parte Fontenot, 550 S.W.2d 87,89 (Tex. Crim. App.
1977); Araiza V. State, 555 S.W.2d 746,749 (Tex. Crim. App. 1977); Byrd
v. State, 336 S.W.3d 242,246 (tex. Crim. App. 2011).

According to applicable law set out in Ex Parte Fontenot, 550 S.W.2d
at at 89; Araiza, 555 S.W.2d at 749, and Byrd, 336 S.W.3d at 246, Applicant
was entitled to a directed verdict of acquittal when state's witness, Sang
Hyun Lee took the witness stand and testified that some unknown person
by the name of Jim Mo Kim owned the property, rather than Jun Park as alleged
in the indictment. (R.R. Vol 33, line 1-4), because proof of ownership
is an essential element of an aggravated bobbery offense. E. Parte Fontenot,
550 S.W.2d at 89; Byrd, 336 S.W.3d at 246.

Therefore, trial counsel should have requested a directed verdict of

acquittal when he learned that there was a fatal variance between Jun Park being alleged as the owner in the indictment and the testimony presented at trial that Jum Mo Kim owned the property. (R.R. Vol #3, pp. 29, line 1-4). And the fact that trial counsel did not request a directed verdict instruction shows that trial counsel failed to provide reasonably effective assistance of counsel and satisfied the first prong of Strickland's test. strickland, 466 U.S. at 688. In conclusion, Applicant has now shown that the trial court's determination of the questions of law and fact is unreasonble in light of the evidence presented in the state court proceeding showing that there was a fatal variance between the allegation alleged in the indictment and the evidence presented at trial regarding ownership of the alleged property. For this reason the trial court's findings must be overruled and applicant acquitted of the alleged robbery of Jun Park.

Applicant has also shown that he was harmed by trial counsel's deficient performance, because if trial counsel had requested said instruction applicant would have been entitled to that instruction as a matter of law, and the trial court's failure to give the instruction would have been reversible error without a showing of harm. Ex Parte Varelas, 45 S.W. 3d 627,631 (tex. crim app. 2001); Mitchell V. State, 931 S.W.2d 950,954 (Tex. Crim. App. 1994); Green V. State, 899 S.W.2d 245,247 (Tex. Crim. App. 1995). This satisfies part two of Strickland because it shows that applicant was prejudiced by trial counsel's unprefessional error, and but for his error there is a reasonable probability that the result of the proceeding would have been different. Consequently, applicant's judgment and sentence must be reversed with instructions of an acquittal.

## Ground Number Four

In addressing ground number four the habeas court erred in finding that -- (a) appellate counsel was not ineffective; because, (b) appellate counsel did raise the issue of the sufficiency of the evidence on direct appeal. Whitfield V. State, 14-11-00847-CR. (See: findings of fact, pp. 3, line 13 and 14).

Applicant specifically argues that the trial court's findindgs of fact and conclusion of law must be overruled because the court's determination of the facts is unreasonable in light of the evidence presented in the State court proceeding.,

In ground number four applicant argued that his appeal counsel provided

ineffective assistance of counsel when she failed to present a claim that the evidence is legally insufficient to support the conviction because there was a fatal variance between Jun Park being the owner of the property alleged in the indictment, and evidence at trial that Jim Mo Kim was the property owner. (Applicant's Writ at pp. 12.) To address applicant's claim appeal counsel, Janet Celeste Blackburn filed an affidavit stating in pertinent part: "I did not present a claim that the evidence was insufficient due to a fatal variance between Jun Park being the owner of the property alleged in the indictment and the evidence at trial that Jim Mo Kim was the property owner becaude I do not believe that is a valid, legal argument. Specifically, at trial Sang Hyun Lee testified that he and Jun Park were working at the Shell Gas Station on Aldine Westfield Road on September 7, 2010. Sang Hyun Lee testified that Jim Mo Kim owned the Store.

However, Sang Hyun Lee testified that he and Jun Park were in charge of all the inventory within the store; that the two men who attacked them did not have a greater right to possession of the inventory inside the store than they did; that those two men would have had to pay for any item in the store; and that he and Jun Park had a greater right of possession of the property and the things within the peoperty. This can be found in the reporter's record in volume 3, pages 29 and 30.... Additionally, the law - Texas Penal Code 1.07(a)(35)(A) provides that an "owner" means a person who has a greater right to possession of the property than the actor. Here, Jun Park, an employee of the store had a greater right to possession of the property than Tony Whitfield. The person named in the indictment as the owner does not have to be the actual owner of the property; rather, as here, the person with the greater right to possession of the property is also legally the owner." (Affidavit of Janet Celeste Blackburn, pp. 3 paragraph No. 5 and 6).

After reading appwal counsel's affidavit stating that -- "**I did not present a claim that the evidence was insufficient due to a fatal variance between Jun Park being the owner of the property alleged in the insictment and the evidence at trial that Jim Mo Kim was the property owner because I do not believe that it is a valid, legal argument**," (Affidavit of Janet Celeste Blackburn, pp. 3), -- it becomes positively clear that the trial court's findings that -- "The court finds that appwllate counsel did raise

the issue of the sufficiency of the evidence on direct appeal" (Findings of Fact, pp. 3, line 14) -- is stating that she did not present a claim that the evidence was insufficient due to a fatal variance. Futhermore, appellate counsel should have presented this claim on direct appeal because it was a dead-bang winner which would have resulted in a reversal on direct appeal. The courts have long held that when an appellate counsel fails to raise a claim that has indisputable merit under well-settled law that would necessarily resulted in reversible error, appellate counsel is ineffective for failing to raise it. Ex Parte daigle, 848 S.W. 2d 691,692 (Tex Crim. App. 1993); Ex Parte Miller, 330 S.W. 3d 610,628 (Tex. Crim. App. 2010).

Here in applicant's case now before the court of criminal appeals it is well established law that once the State has alleged ownership in either the actual owner or a special owner, it has the burden of proving beyond a reasonable doubt the ownership allegation. Freeman V. State, 707 S.W.2d 597 at 603 (Tex. Crim. App. 1986); Byrd V. State, 336 S?W.3d 242 at 252(Tex. Crim. App. 2011). In applicant's case the indicgment alleged Jun Park as the actual owner. Therefore, appeal counsel's representation fell below an objective standard of reasonableness when she fail to know the law regarding ownership of property and present the fatal variance error on direct appeal once she learned that Jun Park was alleged as the actual owner in the indictment, but the testimony at trial by Sang Hyun Lee stated that Jim Mo Kim was the actual owner. R.R. Vol #3,pp. 29, line 1-4). In summary, because the indictment alleged that Jun Park was the actual owner of the property, but the evidence presented at trial proved that Jim Mo Kim was the actual owner of the property, appeal counsel should have raised the claim of a fatal variance on direct appeal. Byrd, 336 S.W.3d at 246. And the fact that appeal shows that she fail to provide reasonably effective assistance of counsel satisfying the first prong of Strickland's test. Strickland, 466 U.S. at 688.

Applicant further argues that he was harmed by appellate counsel's deficient performance because had she presented the fatal variance on direct appeal, there is no doubt that applicant's conviction and sentence would have been reversed on direct appeal. Byrd v. state, 336 S.W.3d 242,246 (Tex. Crim. App. 2011); Ex Parte Miller, 330 S.W.3d at 628; Ex Parte Daigle, 848 S.W.2d at 692, case law makes it clear that where one person is alleged to own property, but it is shown at trial to be owned by another, or by a corporation, the state has failed to prove ownership as alleged in the indictment, and

required by law. Roberts V. State, 513 S.W.2d 870,871. This satisfies the second prong of Strickland's test because it shows that, but for appellate counsel deficient performance there is a reasonable probability that the out come of applicant's appeal would have been different. Strickland, 466 U.S. at 694. For the reasons stated bove, the trial court's findings must be overruled and applicant's conviction reversed and remanded for new trial.

## Ground Number Five

In addressing ground number five the habeas court erred in finding that -- "the court finds that trial counsel was knowledgeable in the law regarding aggravated robbery cases." (findings of fact, pp.2, line 7). Applicant argues that the trial court's findings of fact and conclusion of law must be overruled because the court's determination of the facts is contrary to clearly established federal law as determined by the Supreme Court of the United States in Strickland V. Washington, 466 U.S. 668, 104 S.Ct. 2052 and Hernandez V. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).

**In ground number five** applicant argued that his trial counsel was ineffective for failing to prepare for trial, also did not know the law and facts to applicant's case. (Applicant's Writ, at pp. 14).

To address applicant's claim trial counsel filed an affidavit stating:
"I have handled countless Aggravated Robbery cases and have probably tried between 20 to 30 in my career. Yes, I was aware of the law governing Mr. Whitfield's Aggravated robbery case". (Affidavit of Kyle Johnson, pp. 3(9)(a).

After reading trial counsel's affidavit stating that -- "He was aware of the law governing Mr. Whitfield's aggravated robbery case" -- it becomes clear that the trial court did not have any evidence to support a finding that -- "trial counsel was knowledgedable in the law regarding aggravated robbery cases. As the record shows that trial counsel was applicant's counsel for almost a year and failed to do any legal research in the case. (See Applicant's Mimorandum of Law, pp. 18). In conclusion, the findings of the habeas court must be overruled and the case remanded for a new ttial.

## Ground Number Six

**In addsressing ground number six,** the habeas court erred in finding that -- "trial counsel was not ineffective for failing to interview two witnesses prior to trial", (findings of fact, pp. 2, line 9).

Applicant specifically argues that the habeas court's Findings of Fact and Conxlusion of Law must be overruled because the court's determination of the facts is contrary to clearly established State and Federal law as determined by the supreme Court of the United States in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), Ex Parte Welborn, 785 S.W. 2d 390,393 (Tex. Crim. App. 1990), and Ex Parte Lilly, 656 S.W.2d 490,493 (Tex. Crim. App. 1983).

Federal and State courts have long held that it is fundamental that a criminal defense attorney must have a firm command of the facts of the case, as well as the governing law before they can render reasonably effective assistance of counsel. Ex Parte Welborn, 785 S.W.2d 391,393 (Tex. Crim. App. 1990). This means that trial counsel has a duty to seek out and interview potential witnesses in his client's behalf, and his failure to interview any witness in defense behalf proves that trial counsel failed to provide reasonably effective assistance of counsel. Strickland, 466 U.S. at 699 104 S.Ct. at 2070; Ex Parte Welborn, 785 S.W.2d 391,393; Ex Parte Lilly, 656 S.W.2d 490,493.

Here in applicant's case now before teh court of criminal appeals, applicant argued that his trial counsel provided ineffective assistance of counsel when he failed to interview two key witnesses, Sang Hyun Lee and Jun Park before trial. (Applicant's Writ, pp. 15A). To address applicant's claim trial counsel, Kyle Johnson filed an affidavit stating:

"I did not interview the two witnesses in this case because the whole thing was caught on vidÊo and Mr. whitfield was caught by police officer's while running from the scene wearing a mask and carrying a gun. Neither witness could identify Mr. Whitfield or Mr. Holland because both wore masks so there was really nothing to be gained by interviewing the witnesses. I knew exactly what the trial testimony was going to be...) (Affifavit of Kyle Johnson, pp. 3, (9)(d)).

the record shows that trial counsel admitted that he "did not interview the two witness in this case". Thus, by admitting that he did not interview the two witnesses, trial counsel has also admitted that he failed to provide reasonably effective assistance of counsel, because federal and state courts have long held that trial counsel has an independant duty to seek out and interview potential witnesses, and his failure to interview those witnesses proves that trial counsel failed to provide reasonably effective assisstance of counsel and satisfies the first prong of Strickland, 466 U.S. at 699;

Ex Parte Welborn, 785 S.W.2d at 393.

applicant also proved that he was harmed by trial counsel's deficient performance because it was alleged in his indictment that Jun Park was the actual owner of the establishment, but the evidence at trial showed that he was not. Had trial counsel performed his own independant investigation and interviewed these two crucial witnesses, trial counsel could have challenged the state's inability to prove that Jun Park was the actual ownership and received an acquital at trial. Garcia v. State, 308 S.W.3d 62,70 (Tex. Crim. App. 2009); McFarland V. State 928 S.W.2d 482,484 (Tex. Crim. App. 1996); Ex Parte Welborn, 785 S.W.2d at 393. This satisfies part two of Strickland's test because it shows that but for trial counsel's deficicent performande there is a reasonable probability thtat the out come of the trial would have been different. Strickland, 466 U.S. at 695. In conclusion, the habeas court must be overruled and the case remanded for a new trial.

## Ground Number Seven

**In addressing ground number seven**, the habeas court erred in finding that this -- "Issue was raised and rejected on direct appeal." (Findings of Fact, pp. 4, line 6).

Applicant specfiically argues that the habeas court's findings of fact and conclusion of law must be overruled because the court's decision has resulted in an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, because the record on direct appeals shows that applcant's claim on direct appeal is different from the claim he now presents in this foregoing habeas coupus application.

Here in applicant's case now before the court of criminal Appeals, applicant is arguing that he was denied due process of law because his conviction was appraised and affirmed by the Fourteenth court of Appeals under an attempted robbery theory of a criminal statute for which he had not been charged in his indictment. (Applicant's Writ, pp. 15B). However, on direct appeal applicant argued that "the evidence is legally insufficient to support the jury's guilty verdict because there is no evidence that he had committed or was attempting to commit a theft, a requisite finding for an aggravated robbery conviction. (Opinion of the Fourteenth Court of Appeals, Appeal No. 14-11-00847-CR, pp. 3).

Here in applicant's state habeas coupus proceeding, he is not attacking

the sufficiency of the evidence addressed on his direct appeal. Rather, applicant is attacking the fourteenth Court of Appeals decision affirming his conviction under a theory not presented before the jury. In a not shell, applicant is arguing that the court of APpeals violated hes due process right when it affirmed his conviction based on facts not submitted to the jury. Wooley v State, 273 S.W.3d 260(Tex. Crim. App. 2008).

In conclusion, Applicant's caim that the court of appwals denied him due process has not been raised andpreected on direct appeal as stated by the habeas court. For this reason the findings of the habeas court must be overruled and the issue must be properly exhausted by the State court before presenting it in Federal court.

## Ground Number Eight

In addressing ground number eight, the habeas court erred in finding that -- "The applicant did not raise his first and eight grounds for relief at the trial court or on appeal and is now barred from bringing said claims in habeas proceedings. (See States Answer at pp. 11, and Finings of Facts at pp. 3).

Applicant specifically argues that the habeas court's Findings of Fact And Conclusion of Law must be overruled because the court of the United States in Pointer V. Texas, 380 U.S. 400, 403-405, 85 S.Ct. 1065 (1965) and Maryland V. Craig, 497 U.S. 836,845 110 S.Ct. 3157 (1990), holding that the right to confront and cross examine witnesses against you is made applicable to the States through the "Due Process Clause" of Fourteenth Amendment and may be raised at any time. Pointer, 380 U.S. at 403-405.

Furthermore, the Supreme Court has consistantly held that the absence of proper confrontation at trial calls into question the ultimate intregrity of the fact finding process. roberts V. U.S. at 64, 100 S.Ct. 2531; Chambers V. Mississippi, 410 U.S. 284, at 295, 93 S.Ct. 1038 (1973). In summary, the confrontation clause ofthe United States Constitution gives criminal defendants the right to contronted the witness against him. carrol V. State, 916 S.W.2d 492,494 (Tex. Crim. App. 1996). The right to have the jury observe the witness' demeanor, the right to participate in the cross examination of the witness, and the right to the witness against him are fundamental rights guaranteed by due process under the Fourteenth Amendment, and may be raised in a writ of habeas coupus. Clemmons V. Delo, 124 F.3d 944,946

(8th Cir. 1997); Pointer V. Texas, 380 U.S. 400,403-405 (1965), and Maryland V. Craig, 497 U.S. 836,845.

In conclusion, the habeas court's finding that applicant is now barred from bringing his due process claim because he did not raise this claim at trial or on appeal, must be overruled, and applcant's eighth ground for relief should be granted remanding the case for a fair trial.

## Ground Number Nine

In addressing ground number nine, the habeas court is correct in finding that -- "The court finds that the issue of ineffective assistance of counsel regarding an actual conflict beteewn the applicant and his trial counsel was raised on direct appeal" issues raised and refected on direct appeal need not be considered in the instant Writ proceeding or in any subsequent proceeding. (Findings of Fact, pp. 3). Therfore applicant agrees that this issue in ground number nine has been exhausted in State Court proceedings, because the Court of Criminal Appeals reviewed the issue on petition for discretionary review.

## Ground Number Ten

In addressing ground number ten, the habeas court erred in finding that-- ¼trial counsel was not ineffective for failing to object ot the prosecutor's argument regarding the applicant's right to a jury trial". (Findings of Fact, pp. 3, line 11).

Applicant specifically contends that the habeas court's findings of fact and conclusion of law must be overruled because the court's findings has resulted in a decision that is contrary to clearly established federal law as determined by the Supreme Court of the United States in Spevack V. Klein, 385 U.S. 511, 87 S.Ct. 625 (1967); Dubria V. Smith, 197 F.3d 390 (1999); United States V. Molona, 934 F.2d 1440 (9th Cir. 1991).

The Supreme Court has long held that as a general rule a prosecutor may not express his personal opinion of the defendant's guilt, or his belief in the credibility of government witnesses. Dubria v. Smith, 197 F.3d 390, 394. A defendant have a constitutional right to invoke his six amendment right to a jury trial and a penalty cannot be imposed against him for exercising his constitutional right. Villarresl V. State, 860 S.W.2d 647,650 (1993); Spevack V. Klein, 385 U.S. 511,515, 87 S.Ct. 625,628 (1967).

Moreover, the courts have long held that reasonably competent counsel sould always object to improper statements made by the prosecutor, and failure to do so shows that trial counsel failed to provide reasonably

effective assistance of counsel satisfying the first prong of Strickland's test. Strickland, 466 U.S. at 688 (1984); Berger V. United States, 295 U.S 78,88 55 S.Ct. 629 (holding that there was no tactical advantage to gain by failing to object to prosecutor's improper statement. Applicant has also shown that he was harmed by trial counsel's deficient performance, because the uncontested statements inflamed the minds of the jury to convict applicant based upon the presecutor's statements without considering any other evidence. Applicant maintains that, but for trial counsel's deficient performance there is a reasonable probability that the result of the proceeding would have been different. Strickland, 466 U.S. at 695. For he reasons stated above, the findings of the habeas court should be overruled and applcant's tenth ground for relief should be granted remanding the case for a new trial.

## Ground Number Eleven

In addressing ground number eleven, the habeas court erred in finding-- that trial counsel was not ineffective for failing to ask for a preliminary determination of the relevance of an unadjudicated offense -- simply because trial counsel stated that he did not ask for such a preliminary determination on the relevancy of an unadjudicated extraneous aggravated robbery the State offered during punishment **because it would never have occurred to him to do so**. (See State's Writ Exhibit A, Amended affidavit of Kyle Johnson, pp. 3(f)). To the contrary, trial counsel's statement supports applicant's claim, because it shows that he failed to know the law regarding unadjudicated extraneous offenses offered during the punishment phase of trial.

In ground number eleven, applicant contends that his trial consel provided ineffective assistance of counsel when he fail to request that the trialcourt make a preliminary determination on the relevancy of the unadjudicated extraneous aggravated robbery, the State offered during the punishment phase prior to the presentation of the evidence before the jury.

In addressing ground eleven, trial counsel Kyle Johnson filed an affidavit stating that:

> **"I did not ask the trial court to male a preliminary determination on the relevancy of an unadjudicated extraneous aggravated robbery the state offered during punishment because it would never have occurred to me to do so.** Whether or not a defendant has committed another offense like the one he has been convicted of is pretty mu ch the definition of "relevancy at the punishment phase of a trial". (Amended

Affidavit of Kyle Johnson, pp.3(f)).

After reviewing trial counsel's amended affidavit two things become clear. First, we see that trial counsel admitted that he never ask the trial court to male a preliminary determination -- "because it would never have occurred to me to do so." second, we see that the state assistant prosecuting attorney lied when she stated -- "Trial counsel stated that he did not ask for such a preliminary determination because he believed that the court would have let the evidence be presented to the jury." (see: state's Amended Original Answer, pp. 7, paragraph number 2).

Furthermore, it must be pointed out that trial counsel has committed the offense of perjury in violation of section 37.02, Texas Penal Code, when he made two conflicting statements under oath addressing this issue in his sworn affidavits presented to the habeas court. (See: Affidavit of Kyle Johnson, dated Novenber 13, 2014).

A review of Kyle Johnson's original affidavit dated August 22, 2014, shows that he stated under oath that:

> "the last question ask why I did not ask the trial court to make a preliminary determination on the relevancy of the unadjudicated extraneous aggravated robbery the state offered during punishment. If I understand this question it is referring to Articke 37.07, section 3(a)(1) which requires the trial court to make a threshold determination of whether the       jury could rationally find beyond a reasonable doubt that an extraneous offense was commi- tted by a defendant before the state could introduce evidence of that act. In this case, the                               extra- neous was the aggravated robbery of the Valero station that formed the basis of the other charge against Mr. whitfield (and the commi- ssion of which he adamantly denied. Frankly, I could have asked for such a determination but did not. Had I done so, there is no question in my mind that the trial court would have allowed the evidence. Even though the video of the Valero robbery showed a robber that that was arguably was not Mr. Whitfield," (See Original Affidavit of Kyle Johnson, pp. 3 (f)).

Later, a review of Kyle Johnson's Amended Affidavit dated November 13, shows that he stated under oath that --

> "I did not ask the trial court to make a preliminary determination

on the relevancy of an unadjudicated extraneous aggravated robbery the State offered during punishment because it would never have occurred to me to do so." (See Amended affidavit of Kyle Johnson, pp. 3(f)).

In summary, because trial counsel has given two false affidavits under oath, the evidence shows that trial counsel has in fact committed the act of perjury in violation of section 37.02 (a)(1), Texas Penal Code. Consequently, neither one of trial counsel's affidavit's can be used in this habeas corpus proceeding. And, charges should be brought against Mr. Kyle Johnson.

Furthermore, a review of case law shows that trial counsel failed to provide reasonably effective assistance of counsel when he failed to request a preliminary determination pursuant to article 37.07, section 3(a)(1) which requires the trial court to make a determination of whether the jury could rationally find that the unadjudicated extraneous offense was committed by the defendant before it could be introduced to the jury. Article 37.07 § 3(a)(1), Texas Code of Criminal Procedure.

According to Article 37.07 § 3(a)(1), Texas Code Crim. Proc., the trial court must make a threshold determination that the jury could reasonably find beyond a reasonably doubt that the defendant committed the extraneous ofense before it can be admitted during the punishment phase of trial. Malpica V. State, 108 S.W.3d 374,377 (Tex. App. 2003). The courts has long held that extraneous offenses are inherently prejudicial, and counsel is ineffective when he fails to prevent these unadjudicated offense from being presented before the jury. Hutchison v. State, 663 S.W.2d 610,612 (Tex. Crim. App. 1979).

In Hutchison v. State, 663 S.W.2d 610 at 612, the Court of Criminal Appeals held that counsel's failure to attack inadmissible extraneous offenses was sufficient to prove that trial counsel failed to provide reasonably effective assistance. Likewise, in Cude V. State, 588 S.W.2d at 897, the court of criminal appeals held that trial counsel provided ineffective assistance of counsel when he failed to attack unadjudicated extraneous robberies was so prejudical that it denied the defendant of his right of a fair trial.

In conclusion, Applicant has shown by the record of evidence, that trial counsel, Kyle Johnson failed to provide reasonable effective assistance when he failed to request a preliminary determination regarding the unadjudicated extraneous aggravated robbery. This satisfies part one of Strickland's

test because it shows that trial counsel failed to provide reasonably effective assistance of counsel guaranteed to applicant under the sixth amendment of the UnitedSStates Constitution. Strickland, 466 U.S. at 688.

Applicant was also prejudiced by trial counsel's deficient performance because the admission of another unadudicate extraneous aggravated robbery during the punishment phase of trial was so prejudical that it inlamed the minda of the jury thereby denying applcant a fair punishment hearring. This satisfies part two of Strickland's test because it shows that but for trial counsel's deficientiperformance there is a reasonable probabilitv that the outcome of the trial would have been different. Strickland, 466 U.S.

For the reasons stated above, the findings of the habeas court must be overruled, and ground number eleven Should be granted with instructions to reverse applicant conviction and remand the case for a new trial.

## Prayer

Applicant resvectfully prays that the Court of Criiminal Of Appeals hold a hearing de novo review, and thereafter grant this Foregoing habeas corpus petition and remand applicant back to the trial court for a new trial. Applicant So moves The Court.

Respectfully Submitted,
Tony Kareem Whitfield
Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

## Certificate of Service

I, Tony Kareem, Applicate, Pro se, do hereby certify that a true and correct copy of this foregoing instrument has been served upon Carolyn Allen, Assistant District Attorney, 1201 Franklin, 6th Floor, Houston, Texas 77002. Executed on this 31 day of January, 2015

Sign _Tony Kareem Whitfield_

Tony Kareem Whitfield

Applicant, Pro se