The STATE of Ohio, Appellee,

v.

KEITH, Appellant.

[Cite as *State v. Keith* (1991), 81 Ohio App.3d 192.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005046.

Decided Nov. 6, 1991.

Gregory A. White, Prosecuting Attorney, for appellee.

Michael Camera, John L. Keyse–Walker and Kurt D. Anderson, for appellant.

QUILLIN, Presiding Judge.

In this appeal we must decide whether a purported custodial bank account was properly forfeited to the state under the Ohio RICO statute. We affirm.

On June 12, 1990, defendant-appellant, Song Keith, was indicted on two counts of promoting prostitution and one count of engaging in a pattern of corrupt activity. Pursuant to R.C. 2923.31 *et seq.*, the state imposed a corrupt activities lien on all real estate and bank accounts held by Keith.

On November 7, 1990, Keith pleaded guilty to all three counts. As a condition of her plea, Keith agreed to forfeit all of the property described in the corrupt activities lien except for her home in Amherst. Included in the property to be forfeited was a bank account in the name of Keith as custodian for her daughter, Kim Keith.

Through her father and next friend, Daniel Keith, Kim filed a petition pursuant to R.C. 2923.32(E) to determine the validity of the state's claim and to protect Kim's right, interest and title in the custodial bank account.

At the hearing on Kim's petition, Kim's counsel argued that the money in the account was a gift from Keith and that it was not generated prior to the pattern of corrupt activities for which Keith was convicted. The trial court denied Kim's petition, deciding that Keith did not comply with the Ohio Transfers to Minors Act (R.C. 1339.31 *et seq.*) and that Keith lacked sufficient donative intent to make an unconditional gift of the money to Kim. The trial court also decided that Kim failed to present sufficient evidence of the source of the funds deposited in the account. Kim appeals.

## Assignment of Error No. I

"The Trial Court erred in denying Kim Keith's petition for a declaration of her title and interest in, and right to possession of the proceeds of, her custodial bank account, because Kim Keith's interest in her custodial account was superior to that of her mother, defendant Song Keith.

"A. The Trial Court erred in determining that the title of Kim Keith's custodial bank account was not created in substantial compliance with the Ohio Transfers to Minors Act, R.C. 1339.32.

"B. The Trial Court erred by failing to presume Kim Keith's custodial account to be a gift and improperly weighed the evidence of the intent to make a gift."

Under R.C. 2923.32(A), the state may attach only the defendant's interest in the property, and cannot proceed *in rem* against the property itself. *State v. Thrower* (1991), 81 Ohio App.3d 15, 610 N.E.2d 433. Third parties who cannot successfully establish claims to the subject property

pursuant to R.C. 2923.32(E) are precluded from otherwise asserting their rights. *Id.;* R.C. 2923.32(F). In order to prevail, Kim, as petitioner, must prove that she "has a legal right, title, or interest in the property that, at the time of the commission of the acts giving rise to the forfeiture of the property, was vested in the petitioner and not in the defendant or was superior to the right, title, or interest of the defendant * * *." R.C. 2923.-32(E)(4).

All the case law we have found agrees that under the Uniform Gifts to Minors Act (predecessor to the Uniform Transfers to Minors Act) there must in fact be a gift. Without donative intent, no gift has been made. See *Gordon v. Gordon* (1979), 70 A.D.2d 86, 91, 419 N.Y.S.2d 684, 688, affirmed (1980), 51 N.Y.2d 773, 436 N.Y.S.2d 621, 417 N.E.2d 1009; *In re Jacobs* (1982), 128 Cal.App.3d 273, 285–286, 180 Cal.Rptr. 234, 241–242.

■ The opening of a bank account pursuant to this Act is prima facie evidence of donative intent. Extrinsic evidence may be introduced to demonstrate contrary intent. *Id.; Heath v. Heath* (1986), 143 Ill.App.3d 390, 394–395, 97 Ill.Dec. 615, 618, 493 N.E.2d 97, 100; *Golden v. Golden* (Fla.App.1983), 434 So.2d 978.

■ The trial court found that, despite the form of the account, Keith did not intend to make a gift of the money contained in the account but rather considered it her own. The record supports this finding.

Keith's actions with respect to the account did not evidence an intention on her part to make an irrevocable gift of the money to Kim. For example, shortly after opening the account, Keith withdrew $20,000 to purchase a piece of commercial property. Keith claimed that this was merely a loan made by herself as custodian to herself as an individual. The trial court did not believe her. By treating the money as her own, Keith's claim of a gift to Kim was drawn into serious doubt.

The trial court also decided that the listing on the signature card did not comply with the requirements of R.C. 1339.32(A)(3). Having found support for the trial court's finding that Keith lacked donative intent, we need not reach this issue. See *Jacobs, supra,* and *Gordon, supra.*

The first assignment of error is overruled.

### Assignment of Error No. II

"The Trial Court erred in denying Kim Keith's petition to set aside the forfeiture of her custodial bank account, because the funds in the custodial bank account were not subject to forfeiture under Ohio's corrupt activity statutes, R.C. 2923.31, *et seq.*"

Kim argues that the money in the bank account did not aid Keith in Keith's corrupt activities nor was it a benefit derived from Keith's corrupt activities. However, because Keith agreed to forfeit the account as part of a plea bargain and because Kim had no right, title, or interest in the bank account, we hold that the trial court need not trace the account to Keith's illegal activities. The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and CACIOPPO, JJ., concur.