[Cite as *Sheehan v. Sheehan*, 2020-Ohio-5300.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

TREVOR E. SHEEHAN,

     PLAINTIFF-APPELLANT,          CASE NO.  4-19-25

     v.

SHANNA R. SHEEHAN,            O P I N I O N

     DEFENDANT-APPELLEE.

---

**Appeal from Defiance County Common Pleas Court**
**Domestic Relations Division**
**Trial Court No. 14 DR 42807**

**Judgment Affirmed**

**Date of Decision:   November 16, 2020**

---

APPEARANCES:

    *Ian A. Weber* **for Appellant**

    *Clayton J. Crates* **for Appellee**

**PRESTON, J.**

{¶1} Plaintiff-appellant, Trevor E. Sheehan ("Trevor"), appeals the December 18, 2019 judgment of the Defiance County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm.

{¶2} This matter originated on May 6, 2014, when Trevor filed a complaint in the trial court requesting a divorce from Shanna R. Sheehan ("Shanna"). (Doc. No. 1). On May 29, 2014, Shanna filed her answer and counterclaim for divorce. (Doc. No. 12). The parties have one minor child born as issue of the marriage (DOB: 2014). (Doc. Nos. 1, 12).

{¶3} The parties agreed to bifurcate the divorce proceeding and to proceed to final hearing on the division of property and spousal support issues. (Doc. No. 39). On December 15, 2015, a final divorce hearing was held in front of the trial court judge on the issues of property division and spousal support. (*Id.*). The parties agreed that a hearing would be held at a later date regarding issues relating to the allocation of parental rights and responsibilities. (*Id.*). On February 16, 2016, the trial court issued its judgment entry finding that Trevor was entitled to a divorce on the grounds of incompatibility. (*Id.*). Further, the judgment entry detailed the trial court's findings relating to issues of property division and spousal support. (*Id.*).

{¶4} On October 12, 2018, the remaining issues related to the allocation of parental rights and responsibilities came for a final hearing before the magistrate.

(Doc. No. 76). At the beginning of the hearing, the parties informed the magistrate that they had resolved some of the issues by agreement and read that agreement into the record. (*Id.*). (*See* Doc. No. 77). The parties submitted the remaining issues to be determined by the magistrate: (1) child support amount, (2) the commencement date of child support, (3) allocation of the tax credit relating to the minor child, and (4) the allocation of the minor child's uncovered medical expenses. (Doc. Nos. 76, 77). Rather than presenting evidence and arguments at the final hearing, the parties agreed to submit to the magistrate written proposals and arguments to resolve the outstanding issues. (*Id.*). On May 7, 2019, the magistrate filed her decision documenting the parties' agreement, which the trial court adopted the same day.[1] (Doc. Nos. 76, 77).

{¶5} On October 31, 2018, Shanna filed her written proposal and arguments relating to the remaining issues. (Doc. No. 71). On November 2, 2018, Trevor filed his written proposals and arguments relating to the remaining issues. (Doc. No. 72).

{¶6} On June 25, 2019, the magistrate issued her decision on the unresolved issues. (Doc. No. 83). Relevant to this appeal, the magistrate recommended that Trevor's child support obligation commence on June 1, 2019. (*Id.*). The magistrate

---

[1] On May 20, 2019, Trevor filed an objection to the magistrate's decision wherein he alleged that the magistrate's decision did not accurately and completely reflect the parties' agreement as it relates to parenting time. (Doc. No. 81). On May 22, 2019, the trial court issued a nunc pro tunc judgment entry to include the additional terms which had been read into the record at the October 12, 2018 final hearing. (Doc. No. 82). Because the correction does not relate to the issues presented on appeal, we will not further discuss the issue.

also recommended that the parties split the minor child tax-dependency exemption with Shanna receiving the exemption on odd-numbered years and Trevor receiving the exemption on even-numbered years. (*Id.*). On July 9, 2019, Shanna filed her objections to the magistrate's decision. (Doc. No. 84). In her first objection, Shanna argued that the magistrate erred in designating June 1, 2019 as the commencement date for Trevor's child support obligation. (*Id.*). Shanna argued that from Trevor's incarceration on June 27, 2016 and throughout the pendency of the case, she was primarily responsible for providing care for the parties' minor child, yet she did not receive child support from Trevor. (*Id.*). Shanna contended that a child-support obligation commencement date of June 1, 2019 allowed Trevor to avoid any child support obligation for three years, despite Shanna primarily being responsible for the care of the parties' child during that time. (*Id.*). In her second objection, Shanna argued that the magistrate erred by permitting Trevor to claim the parties' minor child as a dependent for income tax purposes in even-numbered years. (*Id.*). Shanna argued that because she has the minor child in her care more than 50 percent of the time and the parties do not otherwise have an agreement relating to claiming the minor child for income tax purposes, federal law dictates that she should be permitted to claim the minor child for income tax purposes each year. (*Id.*). In her third objection, Shanna argued that the magistrate erred in her determination of Trevor's income for child support purposes. (*Id.*).

{¶7} On July 26, 2019, Shanna's attorney filed an affidavit under Civ.R. 53(D)(3)(b)(iii) stating that testimony related to the contested issues was not presented at a hearing. (Doc. No. 85). Rather, the affidavit states that "all of the evidence and facts" that the magistrate relied upon to make her decision filed on June 25, 2019 was submitted through the briefs, along with their attached exhibits, that Shanna filed on October 31, 2018, and Trevor filed on November 2, 2018. (*Id.*). (*See* Doc. Nos. 71, 72).

{¶8} On October 29, 2019, the trial court held a hearing on Shanna's objections to the magistrate's decision. (Doc. No. 90). In its judgment entry filed on December 18, 2019, the trial court sustained Shanna's objections to the magistrate's decision relating to the effective date of Trevor's child support obligation and the allocation of the child tax exemption.[2] (Doc. No. 90). With respect to the commencement date of Trevor's child support obligation, the trial court determined the appropriate effective date of Trevor's child support obligation to be December 1, 2017. (*Id.*). With respect to Shanna's objection regarding the allocation of the child tax exemption, the trial court determined that Shanna shall be entitled to claim the minor child as a dependent for income tax purposes each year because the minor child is in her care more than 50 percent of the time. (*Id.*).

---

[2] The trial court noted that Shanna withdrew her objection relating to the determination of Trevor's income. (Doc. No. 90).

{¶9} On December 26, 2019, Trevor filed his notice of appeal. (Doc. No. 92). He raises one assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion by overruling the magistrate's decision making the child support order effective on June 1, 2019.**

{¶10} In his assignment of error, Trevor argues that the trial court abused its discretion by sustaining Shanna's objection to the magistrate's decision and making his child support obligation effective December 1, 2017, rather than June 1, 2019.

{¶11} "An appellate court reviews the trial court's decision to adopt, reject or modify the Magistrate's decision under an abuse of discretion standard." *Tewalt v. Peacock*, 3d Dist. Shelby No. 17-10-18, 2011-Ohio-1726, ¶ 31, citing *Figel v. Figel*, 3d Dist. Mercer No. 10-08-14, 2009-Ohio-1659, ¶ 9, citing *Marchel v. Marchel*, 160 Ohio App.3d 240, 2005-Ohio-1499, ¶ 7 (8th Dist.). The trial court may adopt, reject, or modify the magistrate's decision. Civ.R. 53(D)(4)(b). When ruling on objections to the magistrate's decision, the trial court is "not required to follow or accept the findings or recommendations of its magistrate." (Citations omitted.) *Stumpff v. Harris*, 2d Dist. Montgomery No. 21407, 2006-Ohio-4796, ¶ 16. Instead, the trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d); *Stumpff* at ¶ 16.

Accordingly, the trial court reviews the magistrate's decision under a de novo standard of review. *Stumpff* at ¶ 16.

{¶12} Trevor contends that "[t]he sole issue of this appeal is that the trial court did not find that the Magistrate abused her discretion in her recommendations, and therefore, her decision should not be overruled by the trial court." (Appellant's Brief at 4). Trevor suggests that objections can be sustained only where the magistrate is found to have abused its discretion and that in the absence of an abuse of discretion, modification is inappropriate. However, "a trial court commits reversible error if it applies an 'abuse of discretion' standard to review the decision of its magistrate." *In re Miller*, 5th Dist. Licking No. 2006-CA-0059, 2007-Ohio-1435, ¶ 20. "Inherent in the abuse of discretion standard are presumptions of validity and correctness, which acknowledge the independence of the inferior courts by deferring to the particular discretion they exercise in rendering their decisions." *Wingard v. Wingard*, 2d Dist. Greene No. 2005-CA-09, 2005-Ohio-7066, ¶ 18. "Because its magistrate does not enjoy that independence, such presumptions are inappropriate to the trial court's review of a magistrate's decisions." *Id.* "Therefore, a trial court errs when it applies the abuse of discretion standard of review in ruling on * * * objections to the decision of the appointed magistrates * * *." *Id.*, citing *Quick v. Kwiatkowski*, 2d Dist. Montgomery No. 18620, 2001 WL 871406, *3 (Aug. 3, 2001). Accordingly, Trevor's argument that the trial court erred by failing to find

that the magistrate abused her discretion in making her recommendations is not well-taken.

{¶13} To the extent that Trevor is arguing that the trial court is obligated to overrule all of Shanna's objections on the basis that the trial court did not have an adequate record before it, his argument is also without merit. Civ.R. 53(D)(3)(b)(iii) provides, in relevant part, that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Trevor argues that because a transcript of the final hearing on the contested issues was not filed with the trial court, the trial court did not have a sufficient basis upon which to overrule or modify the magistrate's decision. However, here, the parties chose not to present testimony and evidence to the magistrate at a hearing and instead elected to file written arguments with attached documentary evidence. Furthermore, although Shanna did not file a transcript with the trial court because the parties did not present evidence to the magistrate during a live hearing, Shanna complied with Civ.R. 53(D)(3)(b)(iii) by filing an affidavit of the evidence. *See* Civ.R. 53(D)(3)(b)(iii). Accordingly, all of the evidence presented to the magistrate with respect to the contested issues was included in the record and was available for the trial court to review when considering Shanna's objections to the magistrate's

decision. *See Leonard v. Yenser*, 3d Dist. Mercer No. 10-2003-01, 2003-Ohio-4251, ¶ 10. Thus, the trial court had an adequate record upon which it could adopt, reject, or modify the magistrate's decision.

{**¶14**} Further, although Trevor's assignment of error states that the trial court abused its discretion by overruling the magistrate's decision regarding the effective date of the child support order in response to Shanna's objections, Trevor fails to develop an argument in support of his assignment of error, provide reasons in support of his contention, or cite to the authorities, statutes, and parts of the record upon which he relies. App.R. 16(A)(7) provides that the appellant shall include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Here, Trevor fails to direct this Court to specific portions of the record as required by App.R. 16(A)(7) or develop an argument of how the trial court abused its discretion by modifying the effective date of his child support obligation. *See State v. Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, ¶ 15. "Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him." *Id.* at ¶ 16, citing *State v. Harmon*, 9th Dist. Summit No. 26426, 2013-Ohio-2319, ¶ 6, citing App.R. 16(A)(7) and *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6,

1998). "'If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.'" *Id.*, quoting *Cardone* at *8. Thus, we will not address the merits of the trial court's determination of the commencement date of Trevor's child support obligation. Accordingly, we overrule Trevor's assignment of error.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**