The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
October 10, 2024

## 2024COA112

**No. 23CA1278, *In re the Marriage of Nevedrova* — Family Law — Dissolution — Disposition of Property — Marital Property; Financial Institutions — Colorado Uniform Transfers to Minors Act — Transfers to Minors**

A division of the court of appeals concludes that an account established under the Colorado Uniform Transfers to Minors Act, sections 11-50-101 to -126, C.R.S. 2024, is property of the minor. Therefore it may not be considered marital property subject to property division in a dissolution of marriage action.

COURT OF APPEALS                                    **2024COA112**

Court of Appeals No. 23CA1278
El Paso County District Court No. 21DR31895
Honorable Jill M. Brady, Judge

In re the Marriage of

Cheryl Laslo Nevedrova,

Appellee,

and

Dmitri Nevedrov,

Appellant.

JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE JOHNSON
Fox and Schock, JJ., concur

Announced October 10, 2024

Robinson & Henry, P.C., Marlana A. Caruso, Highlands Ranch, Colorado, for
Appellee

Beltz & West, P.C., Daniel A. West, Colorado Springs, Colorado, for Appellant

¶ 1     This case requires us to decide whether an account established under the Colorado Uniform Transfers to Minors Act (UTMA), sections 11-50-101 to -126, C.R.S. 2024, may be considered marital property.  In this dissolution of marriage proceeding between Dimitri Nevedrov (husband) and Cheryl Laslo Nevedrova (wife), husband asserts that the district court lacked jurisdiction to divide the balance of an account established in the parties' child's name under the UTMA.  We conclude that, if an account was created under the UTMA and funds were properly transferred to it, the account is not marital property.  But we also conclude that the record in this case is insufficient to determine whether the account in question was created in compliance with that statute.  Therefore, we reverse the judgment and remand the case to the district court for further proceedings consistent with this opinion and to determine appellate attorney fees.

I.     Background

¶ 2     After eight years of marriage, wife filed a petition for dissolution.  During the marriage, the parties had one child together.

1

¶ 3    The district court held a hearing to address property division and parental responsibilities.  After the hearing, the court dissolved the marriage and entered permanent orders.  The court divided the parties' several bank accounts and other property, including, as relevant here, an account labeled "UGMA_UTMA" (the account).  The court divided the $132,950 balance of the account equally between the parties.  The court then ordered husband to pay wife an equalization payment of $567,949.  Based on this division and other factors, the court determined that wife was entitled to spousal maintenance of $2,065.40 per month for three years and two months and child support in the amount of $271.08 per month.

## II.    Preservation

¶ 4    The parties understood that there were UTMA funds in dispute.  And they alerted the trial court to it in their joint trial management certificate.  The certificate reflected husband's request that the court hold the account identified as "T Rowe Price UGMA_UTMA" for the child until the child's eighteenth birthday, order that no withdrawal occur without a court order, and permit both parties to only add money to the account.  Husband also

indicated on the parties' joint marital spreadsheet that the marital value of the account was $0.

¶ 5    By ordering the account to be split equally, the district court implicitly found that it was marital property, rather than the child's property. Therefore, we consider the issue preserved. *See Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50 (In the civil context, "[i]f a party raises an argument to such a degree that the court has the opportunity to rule on it, that argument is preserved for appeal." (quoting *Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶ 21)).

## III.    Standard of Review

¶ 6    The district court has latitude to effectuate an equitable distribution of the marital estate based on the facts and circumstances of each case, and we will not disturb its decision absent an abuse of discretion. *See In re Marriage of Balanson*, 25 P.3d 28, 35 (Colo. 2001). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, unfair, or a misapplication of the law. *In re Marriage of Bergeson-Flanders*, 2022 COA 18, ¶ 10.

¶ 7    And statutory interpretation is a question of law we also review

de novo.  *Giguere v. SJS Fam. Enters., Ltd.*, 155 P.3d 462, 467 (Colo.

App. 2006).

## IV.    UTMA

¶ 8    Under Colorado's UTMA, money, securities, and other property

can be invested in the minor's name, with a custodian having a

fiduciary responsibility to prudently manage the funds in the

accounts.  §§ 11-50-110, -113, C.R.S. 2024.  But a person

establishing the account must follow the statutory guidelines under

the UTMA.

¶ 9    Specifically, a person may make a gift or transfer of money to

a minor that will be governed by the UTMA, as long as the

transferor, the minor, or the custodian is a resident of Colorado on

the date of the gift or transfer.  § 11-50-103(1), C.R.S. 2024.  And a

gift or transfer to a minor made pursuant to the UTMA is

irrevocable and conveys to the minor indefeasibly vested legal title

to the property.  § 11-50-112(2), C.R.S. 2024.

¶ 10    To constitute an irrevocable gift or transfer of money under the

statute, the transferor must pay or deliver the money to "a broker or

financial institution for credit to an account in the name of the

4

transferor, . . . followed in substance by the words: 'as custodian for ____ (name of minor) under the "Colorado Uniform Transfers to Minors Act."'" § 11-50-110(1)(b).

¶ 11 There is no Colorado case on point that deals with how a district court should handle a UTMA account in the context of property division in a dissolution of marriage action. *In re Marriage of Ludwig,* 122 P.3d 1056, 1060-61 (Colo. App. 2005), came close, addressing funds held in a Colorado Uniform Gifts to Minors Act (UGMA) account.[1] There, a division of this court held that the domestic relations court did not abuse its discretion when it did not consider funds in the UGMA account for purposes of the parents' support obligations, and that the domestic relations court lacked jurisdiction to remove father as custodian of the child's account. The division determined that the issue of the account's custodian had to be considered by a district court that obtained jurisdiction over the UGMA account in a separate civil proceeding. *Id.*

---

[1] The Colorado Uniform Gifts to Minors Act was repealed and reenacted as the Colorado Uniform Transfers to Minors Act in 1984. Ch. 74, sec. 1, 1984 Colo. Sess. Laws 383-93.

¶ 12    *Buder v. Sartore*, 774 P.2d 1383, 1384-85 (Colo. 1989), addressed the proper standard of investment care and custodianship in a properly brought civil action concerning a UTMA account.  In finding that the father, who served as custodian of the UTMA accounts, had breached his fiduciary duty, the district court replaced father with mother as the custodian.  *Id.*

¶ 13    In both cases, the Colorado courts considered the UGMA and UTMA funds to be the property of the children, not the parents. The corollary to this is that, if the funds are not the parents' property, they cannot be marital property.  Other jurisdictions interpreting the uniform act upon which our statute is based directly conclude that, in the context of a dissolution of marriage case, UTMA accounts are not marital property.  *See Heitmeyer v. Arthur*, 2022-Ohio-4230, ¶ 30 (Ct. App.) (citing unpublished Ohio decisions that have held that a custodial account under Ohio's UTMA is not marital or separate property); *In re Marriage of Kenney*, 137 S.W.3d 487, 490-91 (Mo. Ct. App. 2004) (accounts under Iowa's UTMA law were not marital property); *Guerrier v. Guerrier*, 574 S.E.2d 69, 70 n.2 (N.C. Ct. App. 2002) (noting that in a separate domestic relations action, the court had improperly

considered accounts owned by the parties' children under North Carolina's UTMA to be marital property); *In re Marriage of Hendricks*, 681 N.E.2d 777, 782 (Ind. Ct. App. 1997) (stock, which was the subject of an irrevocable gift to the parties' child under Indiana's UTMA, was not "marital property" that could be divided upon the dissolution of the parties' marriage).

¶ 14    Although we are not bound by out-of-state authority, *see Wal-Mart Stores, Inc. v. United Food & Com. Workers Int'l Union*, 2016 COA 72, ¶ 17, we find these authorities persuasive, *see People in Interest of C.L.S.*, 313 P.3d 662, 666 (Colo. App. 2011) (when interpreting a Colorado statute based on a uniform act, "we may look to authority from other states interpreting their versions of the code for persuasive authority"). Therefore, we conclude that if the account was established under the UTMA, the district court erred by treating it as marital property and dividing the funds between husband and wife.

¶ 15    But on this record, we cannot determine whether this account was established under the UTMA. It is true that the account is identified as "UGMA_UTMA" on husband's bank statements. But no evidence in the record indicates that husband delivered the

money to T. Rowe Price, followed by a declaration that he was the custodian for the child under the UTMA, as required by section 11-50-110(1)(b).[2]

¶ 16     Accordingly, we reverse the district court's judgment and remand the matter for the court to take additional evidence and make findings on whether the account was created under the UTMA.[3] If so, the court could not divide the account as marital property and must recalculate its property division. After recalculating the property division, the court must then revisit its determinations of spousal maintenance and child support. *See In re Marriage of de Koning*, 2016 CO 2, ¶ 22 (when a district court revisits a property division in a marriage dissolution, it must also reevaluate maintenance and child support determinations because the issues are interdependent).

---

[2] Husband indicated in the parties' joint trial management certificate that the account should be held for the minor child until eighteen years of age. But an account established under the UTMA does not terminate and the funds may not transfer to the minor until the minor turns twenty-one. § 11-50-121(1)(a), C.R.S. 2024.

[3] Wife contends that husband transferred marital assets into the account after she filed the petition for dissolution of marriage. We take no position on this assertion, as we are remanding the matter to the district court to take additional evidence.

## V. Appellate Attorney Fees

¶ 17     Wife requests an award of appellate attorney fees under section 13-17-102, C.R.S. 2024, arguing that husband's appeal lacks substantial justification. Given our disposition, we deny wife's request. *See In re Marriage of Collins*, 2023 COA 116M, ¶ 87.

¶ 18     Wife also requests her appellate attorney fees pursuant to section 14-10-119, C.R.S. 2024, in consideration of the financial disparity that exists between the parties. Because the district court is better equipped to determine the factual issues regarding the parties' current financial resources, we remand the issue of whether wife should be awarded reasonable appellate attorney fees to the district court. *See In re Marriage of Bochner*, 2023 COA 63, ¶ 22; *see also In re Marriage of Schaefer*, 2022 COA 112, ¶ 37 (holding that wife's request for award of her attorney fees associated with successful appeal of maintenance and child support awards would be considered on remand).

## VI. Conclusion

¶ 19     We reverse the judgment and remand the case for the district court to make further findings on the UTMA account, reconsider other issues identified in this opinion as may be necessary following

resolution of the UTMA account issue, and consider wife's request for appellate attorney fees under section 14-10-119.

JUDGE FOX and JUDGE SCHOCK concur.